IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RICHARD J. MITCHELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 15-CV-470-JHP |
| | ) |
| CITY OF OKMULGEE, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Before the Court are Plaintiff's Motion for Remand (Doc. No. 10) and Defendant's Response (Doc. No. 11). For the reasons detailed below, Plaintiff's Motion for Remand is **GRANTED**.

**BACKGROUND**

Plaintiff Richard J. Mitchell originally filed this action in the District Court of Okmulgee County, Oklahoma, on October 30, 2015, asserting claims against the City of Okmulgee (Doc. No. 3-2). In his Petition, Plaintiff asserts two counts against Defendant. In Count One, Plaintiff alleges he was employed by Defendant as its Fire Chief and suffered retaliatory termination, in violation of OKLA. STAT. tit. 85, § 5, after he was injured on the job and pursued his worker's compensation rights. (Doc. No. 3-2, Count One). In Count Two, Plaintiff alleges he was wrongfully terminated in violation of OKLA. STAT. tit. 11, § 29-104. (Doc. No. 3-2, Count Two). With respect to Count Two, Plaintiff alleges that he was terminated "without due process or hearing on the 16th of May, 2015," that he complied with the requirements of the Oklahoma Governmental Tort Claim Act ("OGTCA"), and that his termination was without cause, was not held in accordance with the Oklahoma Open Meeting Act, and violated Oklahoma public policy. (*Id.*).

1

On December 2, 2015, Defendant removed the case to this Court through the filing of a Notice of Removal as required under 28 U.S.C. §§ 1441 and 1446. (Doc. No. 3). Defendant asserts this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, because Count Two of Plaintiff's Petition raises a claim for deprivation of employment without due process of law, and Plaintiff's only remedy available to him for such deprivation is under the Fourteenth Amendment of the United States Constitution, actionable under 42 U.S.C. § 1983. (*Id.*). On December 18, 2015, Plaintiff filed a Motion to Remand pursuant to 28 U.S.C. § 1447(c), contending this Court lacks subject matter jurisdiction over this action. (Doc. No. 10). Defendant opposes remand. (Doc. No. 11).

## DISCUSSION

"Under 28 U.S.C. § 1441 a defendant in state court may remove the case to federal court when a federal court would have had jurisdiction if the case had been filed there originally." *Topeka Hous. Auth. v. Johnson*, 404 F.3d 1245, 1247 (10th Cir. 2005). Generally, original jurisdiction is lacking unless "'a federal question is presented on the face of the plaintiff's properly pleaded complaint'" or there is diversity of citizenship. *Id.* (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)); *see* 28 U.S.C. §§ 1331 and 1332. A party that invokes federal jurisdiction bears the burden of proving removal is proper. *Laughlin v. Kmart Corp.,* 50 F.3d 871, 873 (10th Cir.1995) (abrogated on other grounds by *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547 (2014)). Given the limited scope of federal jurisdiction, "[r]emoval statutes are to be strictly construed, and all doubts are to be resolved against removal." *Fajen v. Found. Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982) (citations

omitted).[1]  If the federal district court lacks jurisdiction over the removed case, it must remand the case to the state court.  28 U.S.C. § 1447(c).

In this instance, Defendant contends jurisdiction lies in this Court pursuant to the federal question statute, which provides "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Defendant argues Count Two of this action is premised on Plaintiff's allegation that Defendant deprived Plaintiff of his employment without due process of law, which must arise under the Fourteenth Amendment to the United States Constitution.  Plaintiff argues Count Two sounds only in state law.

The Court is not persuaded that Plaintiff's claim in Count Two raises a federal question.[2]  The statute Plaintiff cites in Count Two, OKLA. STAT. tit. 11, § 29-104, provides, "The chief and members of all paid municipal fire departments shall hold their respective positions unless removed for a good and sufficient cause as provided by applicable law or ordinance."  Plaintiff asserts the "applicable law" in this matter is Oklahoma public policy, which gives rise to a *Burk* claim.  *See Darrow v. Integris Health, Inc.*, 176 P.3d 1204, 1210 (Okla. 2008) (discussing claims available under *Burk v. K-Mart Corp.*, 779 P.2d 24 (Okla. 1989)).

Defendant argues Plaintiff's wrongful termination claim cannot be asserted under the Oklahoma Constitution under the rule of *Perry v. City of Norman*, 341 P.3d 689 (Okla. 2014).  In *Perry*, the Oklahoma Supreme Court held excessive force claims brought under the Oklahoma

---

[1] Defendant's argument that removal statutes should not be "strictly construed" is not well taken.  Although Defendant is correct that the United States Supreme Court has called this rule of construction into question, the rule remains valid under existing Tenth Circuit authority.

[2] Defendant does not argue that Count One of the Petition, a worker's compensation retaliatory discharge claim, may form the basis for federal jurisdiction.  It is clear under Oklahoma law that state courts have exclusive jurisdiction over such claims, and if this court retained jurisdiction over Count Two, this Court would be obliged to sever the Count One claim and remand it to state court for determination.  *See, e.g., Bivins v. Glanz*, 2012 WL 3136115 (N.D. Okla. Aug. 1, 2012) (remanding workers' compensation retaliatory discharge claim to state court while retaining other claims).

Constitution are barred where the plaintiff has a cause of action available under the Oklahoma Governmental Tort Claims Act. *Id.* at 693. Applying this principle, Defendant argues Plaintiff has an available remedy under the Due Process Clause of the Fourteenth Amendment to the United States Constitution, which bars his claim under Oklahoma law for deprivation of employment without due process.

It is unclear to the Court whether *Perry* would restrict Plaintiff's Count Two claim. However, it is clear to the Court that Defendant's argument for federal jurisdiction fails because Plaintiff has not raised a claim pursuant to the United States Constitution. Plaintiff cites only Oklahoma law in the Petition, and asserts in his Motion for Remand that he is bringing a *Burk* claim under Oklahoma law. The Court will not pass judgment on the viability of such a claim, but it is plain that Plaintiff brings only a state-law claim and no federal question is necessarily raised. The state court can decide the legal viability of Plaintiff's state-law claims. A state court's decision pertaining to Defendant's liability for violation of Oklahoma public policy does not necessarily draw into question federal constitutional issues. As a result, federal-question jurisdiction does not lie.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion for Remand (Doc. No. 10) is **GRANTED**.

**IT IS SO ORDERED** this 20th day of May, 2016.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma